## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 863, individually and on behalf of its members,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GROCERY HAULERS, INC.,**<br><br>**Defendant.** | **Hon. Claire C. Cecchi Consolidated Civil Action No. 11-1582 (CCC-JAD)**<br><br><br>**REPORT AND RECOMMENDATION** |
| **BRIAN QUEEN, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GROCERY HAULERS, INC.,**<br><br>**Defendant.** | **Hon. Claire C. Cecchi Civil Action No. 11-6592 (CCC-JAD)** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Grocery Haulers, Inc.'s ("Defendant" or "GHI") motion to dismiss the Complaint filed in Brian Queen, et al. v. Grocery Haulers, Inc., Civil Action No. 11-6592 (the "Queen Action"), which was consolidated for discovery purposes with International Brotherhood of Teamsters, Local 863 v. Grocery Haulers, Inc., Civil Action No. 11-1582 (the "Local 863 Action"). The motion to dismiss was referred to this Court for a Report and Recommendation. The parties appeared before this Court for an in person status

1

conference on June 13, 2012. After having considered the parties' submissions, and for the reasons stated on the record during the status conference, and for good cause shown; and

WHEREAS the above captioned matters arise out of layoffs conducted by GHI in February 2011. The Local 863 Action was filed on behalf of the Union (the "Union" or "Local 863") and its individual members on March 21, 2011, and the Queen Action was filed on behalf of Brian Queen, Ramon Franco, and Henry Roguz on September 26, 2011; the named plaintiffs in the Queen Action are members of the Union and are included in the list of members whose interests are represented in the Local 863 Action. The Local 863 Action asserts that GHI violated the Federal Worker Adjustment and Retraining Notification Act (the "WARN Act") 29 U.S.C. § 2101, *et seq.*, its New Jersey counterpart, the Millville Dallas Automotive Plant Job Loss Notification Act (the "Millville Act"), N.J.S.A. 34:21-1, *et seq.*, and the parties' Collective Bargaining Agreement (the "CBA"). The Queen Action asserts GHI violated the Millville Act and the CBA; and

WHEREAS on December 28, 2011, GHI filed a motion to dismiss the Complaint in the Queen Action as being duplicative, or in the alternative to consolidate the cases. On January 11, 2012, this Court entered an Order consolidating the Local 863 Action and the Queen Action under the civil action number for the Local 863 Action, 11-cv-1582, and deferred decision on the motion to dismiss; and

WHEREAS Local 863 clearly has standing to sue on behalf of its members under the WARN Act, *see generally United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544 (1996); and

WHEREAS the individual employees have standing to sue under the Millville Act, *see* N.J.S.A. 34:21-6 ("An aggrieved employee or former employee or his authorized representative

may initiate suit in Superior Court under this act either *individually* or on behalf of employees or former employees affected by a violation of the provisions of this act.") (emphasis added); and

**WHEREAS** litigants have a *qualified* right to choose their own counsel, and one of the areas where such right is qualified is in the area of federal labor law because in the context of federal labor law the authority of the union is paramount to that of the individual employee, *see e.g. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990) (noting that "an individual employee lacks direct control over a union's actions taken on his behalf"); *id.* at 567-68 ("the union typically has broad discretion in its decision whether and how to pursue an employee's grievance against an employer"); *id.* at 568 ("an employee can sue his employer for a breach of the collective-bargaining agreement only if he shows that the union breached its duty of fair representation in its handling of the grievance"); and

**WHEREAS** "[t]his Court has the authority to manage its docket to promote conservation of judicial resources and to prevent duplicative litigation," *Unitronics, Inc. v. Robotic Parking Systems, Inc.*, No. 09-3493, 2010 WL 2545169, at *3 (D.N.J. June 18, 2010); and

**WHEREAS** this Court finds that the Queen Action is duplicative of the Local 863 Action; and

**WHEREAS,** although the Court believes the controlling law, and better view, is that there should only be one lawsuit and Local 863 should control that lawsuit, particularly since there is no evidence suggesting that the Union has acted in an arbitrary, capricious, or discriminatory manner and the Court finds that the Union is actively and aggressively pursuing its claims on behalf of its individual members, it is not necessary at this time to resolve this issue of first impression;

**IT IS on this** ___14th___ **day of June, 2012,**

**RECOMMENDED** that the Queen Action be stayed pending the outcome of the Local 863 Action; and

**IT IS FURTHER RECOMMENDED** that GHI's motion to dismiss be denied without prejudice pending the outcome of the Local 863 Action; and

**IT IS FURTHER RECOMMENDED** that the cases remain consolidated.


_____

JOSEPH A. DICKSON, U.S.M.J.


cc:     Honorable Claire C. Cecchi, U.S.D.J.